J-S80025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HUNG QUANG PHAM | |
| Appellant | No. 355 MDA 2016 |

Appeal from the PCRA Order Entered January 15, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No: CP-21-CR-0001546-2012

BEFORE:  LAZARUS, STABILE, and RANSOM, JJ.

JUDGMENT ORDER BY STABILE, J.:　　　　**FILED JANUARY 13, 2017**

Appellant, Hung Quang Pham, appeals from the January 15, 2016 order denying Appellant's petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On August 1, 2012, the Commonwealth filed a criminal information charging Appellant with, among other things, possession with intent to deliver ("PWID") a controlled substance and theft of services.[1]  On December 19, 2012, Appellant pleaded guilty to those offenses.  The trial court imposed the parties' agreed-upon sentence of five years of incarceration—the mandatory minimum—and a $15,000 fine for PWID.  For theft of services, the trial court imposed a consecutive one to three years of

---

[1]  35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 3926.

incarceration and $100,000 in restitution. Appellant did not file a direct appeal, and therefore his judgment of sentence became final on January 18, 2013, when the thirty-day deadline for filing an appeal expired (**see** Pa.R.A.P. 903(a)). Appellant filed the instant PCRA petition, his first, on September 17, 2015.

The PCRA requires a petitioner to file his or her petition within one year of the date of finality of the petitioner's judgment of sentence. 42 Pa.C.S.A. § 9545(a). A petitioner who misses that deadline, as Appellant did in this case, must plead and prove the applicability of one of the timeliness exceptions set forth in § 9545(b)(1). Section 9545(b)(1)(iii) permits an untimely petition if it is based on a newly recognized constitutional right. Appellant alleges his petition is timely under § 9545(b)(1)(iii) and **Alleyne v. United States**, 133 S. Ct. 2151 (2013), in which the United States Supreme Court held that any fact, other than a prior conviction, triggering a mandatory minimum must be proven to a jury beyond a reasonable doubt. In **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016), the Pennsylvania Supreme Court held that **Alleyne** does not apply retroactively to cases pending on collateral review. Appellant's judgment of sentence was final before **Alleyne**, and he sought collateral relief more than two years afterward. Appellant's petition is untimely, and the PCRA court correctly denied relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/13/2017</u>